1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

RALPH HOWARD BLAKELY,

8

Petitioner,

NO.  CV-07-316-RHW

9

v.

10

KENNETH ANTHONY QUINN,

**ORDER GRANTING
EXTENSION OF TIME** *INTER ALIA*

11

Respondent.

12

13        Before the Court are Petitioner's Motion for Summary Judgment (Ct. Rec.

14   14), Respondent's Motion for an Extension of Time (Ct. Rec. 17), Petitioner's

15   Motion for Order of Temporary Removal and Transport (Ct. Rec. 23), and

16   Petitioner's Motions for Appointment of Counsel (Ct. Recs. 26 & 29).  These

17   motions were heard without oral argument.

18        The Court received Petitioner's Petition for Relief under § 2254 on October

19   9, 2007.  He was permitted to proceed *in forma pauperis* and filed the petition on

20   November 2, 2007.  After review of the Petition for legal sufficiency, the Court

21   ordered it served on March 10, 2008 (Ct. Rec. 9).  The Petition was served by the

22   U.S. Marshal's Service on March 17, 2008, and on March 25, 2008, attorney John

23   Samson entered a notice of appearance on behalf of Respondent.  On March 26,

24   2008, Petitioner filed his motion for summary judgment.

25        On April 1, 2008, Respondent, in lieu of a response to Petitioner's motion,

26   filed a motion for an extension of time to answer.  Respondent notes that the order

27   directing service gives him 45 days to answer the Petition, making the answer due

28   on April 28, 2008.  Respondent also submits that to properly respond to a habeas

**ORDER GRANTING EXTENSION OF TIME** *INTER ALIA* * 1

1 corpus petition he must provide copies of relevant documents from Petitioner's

2 state court proceedings.  These court files are necessary to determine whether

3 Petitioner properly exhausted his claims, whether the petition is timely, and to

4 respond to the merits of the claims.  Respondent stated that he had not yet received

5 all of the files, and that an extension of time is necessary to obtain the remaining

6 files and to prepare a proper answer to the habeas corpus petition and to

7 Petitioner's motion for summary judgment.  Respondent requested an extension

8 until May 28, 2008, to file both the answer to the Petition and a response to the

9 motion for summary judgment.  Although the Court recognizes Petitioner's

10 objections to granting such an extension, the Court deems the request reasonable

11 and grants it.

12    Petitioner also filed two motions for appointment of counsel and a motion

13 for temporary removal and transport.  In his motions for appointment of counsel,

14 Petitioner states that he is 72 years old and suffers from psychological instability

15 and a deteriorating physical condition.  Under 28 U.S.C. § 1915(e), the Court has

16 discretion to designate counsel to represent an indigent civil litigant.   This

17 discretion may be exercised only in "exceptional circumstances."  *Wilborn v.*

18 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).  The district

19 court must evaluate both "the likelihood of success on the merits" and "the ability

20 of the petitioner to articulate his claims *pro se* in light of the complexity of the

21 legal issues involved."  *Id.*  It does not appear that the legal issues in this case are

22 so complex that Plaintiff cannot present them *pro se*.  Plaintiff has shown an

23 adequate ability to articulate his claims without this Court taking the extraordinary

24 step of appointing counsel to represent him.

25    Mr. Blakely also filed a motion for temporary removal and transport so that

26 he could be present at his hearing for his summary judgment motion.  The

27 Constitution does not require the physical presence of the petitioner at every

28 hearing in a habeas corpus proceeding.  *Wade v. Calderon*, 29 F.3d 1312, 1325

**ORDER GRANTING EXTENSION OF TIME *INTER ALIA* * 2**

1   (9th Cir. 1994).  This hearing is one that (1) did not actually take place because it

2   was noted *without* oral argument, and (2) will not include issues for which

3   Petitioner's presence will be required.  Therefore, the Court denies this motion.

4         Accordingly, **IT IS HEREBY ORDERED:**

5         1. Petitioner's Motion for Summary Judgment (Ct. Rec. 14) is

6   **RESERVED**.

7         2. Respondent's Motion for an Extension of Time (Ct. Rec. 17) is

8   **GRANTED**.  Respondent shall file his answer to the Petition and his response to

9   Petitioner's motion for summary judgment on or before **May 28, 2008**.

10        3. Petitioner's Motion for Order of Temporary Removal and Transport (Ct.

11  Rec. 23) is **DENIED**.

12        4. Petitioner's Motions for Appointment of Counsel (Ct. Recs. 26 & 29) are

13  **DENIED**.

14        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15  Order and forward copies to counsel.

16        **DATED** this 22nd day of May, 2008.

17                           *S/ Robert H. Whaley*

18                           ROBERT H. WHALEY
                            Chief United States District Judge
19

20

21

22

23  Q:\CIVIL\2007\Blakely\extension.ord.wpd

24

25

26

27

28

**ORDER GRANTING EXTENSION OF TIME *INTER ALIA*** * 3