1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

RALPH HOWARD BLAKELY,

8

Petitioner,

NO.  CV-07-316-RHW

9

v.

10

KENNETH ANTHONY QUINN,

11

Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

12
13

Before the court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of

14

Habeas Corpus (Ct. Rec. 10).  Petitioner appears *pro se*.  Ralph Howard Blakely, a

15

prisoner of the State of Washington, claims four grounds for habeas corpus review:

16

1) denial of procedural due process in charging documents and jury instructions

17

(unanimity of verdict); 2) denial of due process regarding venue; 3) insufficient

18

evidence; and 4) the prosecution knowingly offered perjured testimony.[1]

19
20

[1]  Mr. Blakely's four grounds are worded in his Petition as follows:

21

1. Petitioner was denied procedural due process of law in violation of
his Fifth and Fourteenth Amendment right under the United States
Constitution when the information failed to charge separate acts of
solicitation of murder in the first degree and the jury was not
instructed to reach an unanimous verdict on each count and the time
periods alleged by the State that the solicitation took place were
incorrect.

22
23
24
25

2. The lower court's opinion as to venue implicitly requiring
solicitation to be a continuing crime identical to conspiracy is in
conflict with Washington state statutes; *State v. Elgin*, *State v.
Jackson*, *State v. Leach*, and other decisions of this Court, the United
States Supreme Court, and federal and state appellate courts; the 6th
Amendment to the United States Constitution and Article I, § 22 of
the Washington State Constitution.  He was not charged with the time
period when the alleged solicitation occurred because such allegation
concerned a different jurisdiction.  These fatal variances deprived Mr.

26
27
28

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 1**

**I.    Facts**

   *A.    Charges*

   Blakely is in custody pursuant to his convictions on two counts of
solicitation to commit first degree murder.  The charges against Blakely arose from
the following facts, summarized in the Washington Court of Appeals' review of
the record:

> In 1998, after Mr. Blakely's wife Yolanda filed for divorce, he
> abducted her from their orchard home in Grant County, locked her in

---

Blakely of adequate notice and his Due Process rights.  and requires
dismissal with prejudice as dictated by the Fifth Amendment to the
U.S. Constitution.
3. The lower court's decision as to sufficiency of evidence is in
conflict with *Jackson v. Virginia*, *In the Matter of Winship*, and other
decisions of the United States Supreme Court, this Court, and federal
and state appellate courts; the 5th and 14th Amendments to the United
States Constitution and Article I, §§ 3 and 22 of the Washington State
Constitution.
4. Mr. Blakely was deprived of life, liberty, and a fair jury trial
without due Process of law, because the Grant County Prosecutor
Knodell knowingly used perjured testimony, which was a violation of
his Fifth and Fourteenth Amendments of the U.S. Constitution.
Counsel failed to thoroughly deposition Juarez; then order copy of
D.O.C. prison placement record; then compare time-prison-period;
letters do not contribute to solicitation; fatally flawed charging
document; prosecutor orchestrated question and answer; also
rehearsed Juarez testimony several times over!; Prosecutor knowingly
used perjured testimony of Juarez and Phillipson!; 9 issues personal
restraint petition.

(Petition, Ct. Rec. 10).  This fourth ground is compound.  Its main thrust is the
prosecutor's knowing use of perjured testimony, but it also appears to include
complaints about defense counsel that could be construed as ineffective assistance,
and it attempts to incorporate the nine issues Petitioner raised in his personal
restraint petition before the Washington State Court of Appeals.  This last clearly
cannot be incorporated by reference into Petitioner's habeas petition, and the
potential ineffective assistance of counsel claim, which consists of less than one
sentence in the petition, also is not considered a separate, independent claim.  *See
Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (stating that notice pleading is
not sufficient in habeas petitions); *see also* Rule 2(c) (Rules—Section 2254 Cases)
("The petition must . . . state the facts supporting each ground [for relief] . . . [and]
state the relief requested[.]").

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 2**

a wooden box, and transported her to Montana. *Blakely v. Washington*, 542 U.S. 296, 298 (2004). Mr. Blakely was charged with first degree kidnapping. While awaiting trial in the Grant County jail, he allegedly met another inmate, convicted thief Robbie Juarez. According to Mr. Juarez, Mr. Blakely offered him $10,000 to kill Yolanda. Hoping to scam Mr. Blakely, but with no serious intent to commit the murder, Mr. Juarez allegedly pressed for more details on how he would be paid. Mr. Blakely claimed to have money buried in a secret location.

In July 2000, Mr. Blakely pleaded guilty to second degree kidnapping involving domestic violence and use of a firearm. *Id.* at 298-99. The trial court imposed an exceptional sentence based on deliberate cruelty. *Id.* at 298.

Mr. Juarez and Mr. Blakely met up again in 2002, while both were incarcerated at the Airway Heights Corrections Center in Spokane County. At this time, Mr. Blakely was awaiting the disposition of appeals that went to the Washington Court of Appeals and the United States Supreme Court. *State v. Blakely*, 111 Wn. App. 851 (2002), *rev'd* 542 U.S. 296 (2004). After stating that his daughter Lorene had been instrumental in convicting him and that he wanted revenge, Mr. Blakely reportedly asked Mr. Juarez if he was still interested in killing Yolanda, and now Lorene. According to Mr. Juarez, the two then discussed details, including how to find the two women, communication through Pete and Mary Eriksen in Grant County after Mr. Juarez was released from confinement, payment of $80,000 for the two murders, and Mr. Juarez's subsequent move to Mexico to avoid prosecution.

Mr. Juarez was released from Airway Heights in May 2003.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 3**

When he was arrested three months later in Grant County for burglary, he was sent to Airway Heights for 40 days on the probation violation. While there, he and Mr. Blakely briefly communicated their desire to pursue the murder-for-hire plan.

After his release from Airway Heights, Mr. Juarez still faced the burglary charges in Grant County. He decided to negotiate a deal based on the information he had on Mr. Blakely, and began to work with Grant County Sheriff's Detective David Matney on the Blakely investigation. Discarding Mr. Juarez's offer to return to prison with a body wire, Detective Matney arranged for Mr. Juarez to communicate by letter with Mr. Blakely, using a Grant County post office box for replies. Mr. Juarez's first letter to Mr. Blakely in October 2003 indicated interest in "goin to Mexico after all":

> Ralph
>     Hey you old goat! Didn't expect to hear Huh? Told you I'd be in touch. So hows the appeal going. You gonna be out by Dec? Well as for me, I'm havin hell out here. I may be thinkin of goin to Mexico after all. Turns out my grandfather owns a ranch out in Monterrey, it needs some tending to. Plus the company Bunzl plastics I worked for in Yakima has a plant in Monterrey Mex. I want out of these damn states. What ya think lots a senioritas out in Mex for us, especially a young guy like you. I don't know. I maybe thinking of doin some traveling to Oregon, and Yakima maybe Texas before I go. What do you think? I need it as much as you do. I guess your right I could make a nice lil life in Mexico. I'm temp at a motel for now. You a good friend Ralph I'll trust you. We can later discuss a $ arrangement. I plan on moving to Mexico soon I'd say by Spring time. Hey you got those addresses in Oregon, and Yakima. I wouldn't mind payin a friendly visit. Well buddy I'll write more later. Meanwhile I'm ready. I just need the addresses. so write me here [at] my p.o. box address. . . . Meanwhile so we can keep in touch. also I'll get you a number to call me so I know whats goin on ok. if you need anything let me know, except for $ I have none but I may need to borrow some from you in the late future. Well take care you old goat and write me soon. send it legal mail. smart move! Take care write soon.
>     Your friend,
>     Robbie Juarez
> P.S. Mexico Here I come Yahooo!
> P.S. My post office Box is 914 in Ephrata 98823

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 4**

Plaintiff's Ex. 43.

In response to Mr. Juarez's letter, Mr. Blakely wrote the

following letter in November 2003 from his cell at Airway Heights:

> Dear Robbie
>     Received your letter.  I believe my mail is being
> monitored.  Please write (me letters) to <u>Mary Eriksen</u>—9532
> S.W. "O" Road Royal City, Wa 99357.
>     Yes it would be great to live in Mexico.
>     The address of Lorene B. is 103 E Aktomin Road Union
> Gap Wash.  I will send you the other address (main) in next
> letter.
>     Why are you living in Ephrata?  And for how long?
>     You can always keep in touch with me through long time
> friend Mary Eriksen.
>     The medication that I was on to sleep has screwed up my
> hand writing.  I have funds for you.
>     Keep in touch
>     Your friend
>     Ralph B.

Plaintiff's Ex. 45.  At this time, Lorene was living on Ahtanum Road

in Union Gap.

Mr. Juarez wrote a second letter and dropped it off at the

Eriksens' house for delivery to Mr. Blakely.  He indicated that he was

waiting for the second address:

> Ralph
>     Hey buddy hows it goin.  Any ways hope your hand is
> feeling better.  As for me shit Ralph the damn system wont
> leave me alone.  I'm sick and tired of this crap.  Wich is why I
> haven't wrote you.  I was in jail for some traffic tickets.
> Bullshit.  Huh?  Man I'm serious about getting out of here.  I
> want the easy life.  What ever it takes to get there you already
> know.  $ the only thing is I don't think you old ass can hand
> with the senioritas but at least you'll go with a smile!! Ha Ha
> Ha!!  Well I'm in Ephrata cause its cheaper to live!  I can't live
> at moms.  I'm an X felon and moms runs the Day care center
> remember.  as for how long Ralph I don't really know till I get
> in trouble or go to Mexico and Mexico sounds alot better to me
> but hey I'll wait till your out.  I'll lay low.  No more getting in
> trouble till we can have some fun in the sun.  Well I got the first
> address.  I'll be visiting Yakima soon to see family so I can give
> a quick peek at the situation.  Send the other when your ready.
> well Ralph, I can't wait to see ya.  Mexico sounds like a dream
> come true.  I'm tired here and am really countin on this so you
> keep your head up, be cool, and don't be beatin guys up in
> there.  Take care write soon.  I'll be in touch.
>     Your friend,
>     Robbie Juarez

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 5**

Plaintiff's Ex. 44.

In a subsequent letter postmarked December 17, 2003, and mailed to the Grant Count post office box, Mr. Blakely altered the plans:

> Robbie,
> Received your letter December 12.  I have been trying to launder some small funds to Mary and Peat Eriksen.  This is the only way possible, until I get out in July, 2004.  Deep thought has brought me to think of only one <u>main</u> in Redmond, Oregon, and to forget about [blank, with the name "Lorene" erased] at Union Gap.  It would be best to ["Yolanda B." written lightly in margin] focus on 2151 N.S. Poplar Place, in Redmond.  There is a husky 6' boy there; who is in the Redmond High School or away to college??
> It takes a court action to get these small funds to flow once a month; which could amount to $300-$500 a month.  Until I can be released in July, at that time I can roundup a larger amount.  I'm working with the trustees in Spokane to get these funds once a month, beings the court has these funds tied up till I'm released.
> This could interfier with my July release, if it is not handled cautiously and carefully.  If all had gone timely with my U.S. Supreme Court action, I should have been released in December but now maybe April, 2004.  I wish that I could have slipped a few thousand in this envelope with direct delivery.  Mary or Peat don't know anything, but believe that I owe you some.
> Once the funds are started I could have them mailed to Mexico until my July release.
> best regards        Your friend,
>                                  Ralph

Plaintiff's Ex. 46.  Yolanda was living at the Redmond address at this time with the couple's son.

In June 2004, Mr. Blakely was charged in Grant County with one count of solicitation to commit first degree murder, RCW 9A.32.030(1)(a); RCW 9A.28.030(1).  The information alleged that Mr. Blakely,

> in the County of Grant, State of Washington, between September 1 and November 2, 2003, with intent to promote or facilitate the commission of the crime of Murder in the First Degree, did offer or give money . . . to another to engage in specific conduct, to wit: with premeditated intent to cause the death of Yolanda Blakely, a human being.

Clerk's Papers (CP) at 1.  The amended information filed in October

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 6**

2004 added a second count alleging commission of the same crime between the same dates with the intent to cause the death of Lorene Blakely.  A second amended information changed the dates to "on or about September 1, 2003 through December 31, 2003."  CP at 78.

Pretrial, Mr. Blakely moved for a change of venue from Grant County to Spokane County.  This motion was denied after a hearing.  The State moved to admit evidence of prior misconduct, including acts of violence against Yolanda and the children, acts of fraud, frivolous lawsuits, threats, the previous kidnapping and assault of Yolanda, and a prior attempt to hire persons to kidnap and/or kill Yolanda and Lorene.  Most of these prior bad acts were excluded at trial, with the exception of general information about aggression toward his family, the kidnapping case, the divorce litigation, and the prior attempt to solicit someone to murder Yolanda.  This earlier attempt to solicit was elicited from witness Michael Phillipson, who testified that in late 1997 Mr. Blakely had asked him if he knew someone who would get rid of Yolanda for $10,000.  According to Mr. Phillipson, Mr. Blakely said he would love to see his wife brought to him in a gunnysack.

The jury found Mr. Blakely guilty of both charges and judgment was entered on March 22, 2005, sentencing him to a total of 420 months. . . .

(Ex. 2 at 2-8).

B.    *Post-Trial Review*

Blakely appealed from his convictions through counsel (Ex. 3).  His initial appeal brief raised two issues: that the trial court improperly denied his motion to change venue; and that the prejudicial effect of the admission into evidence of certain prior acts outweighed the probative value of such evidence.  This first issue

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 7

1  corresponds to the second ground raised in Blakely's habeas petition. Blakely

2  expressly raised Washington Constitution Article I § 22 in support of his venue

3  claim, but in his argument within the brief he also cites to and discusses the United

4  States Constitution Article III § 2 cl. 3, the Sixth Amendment, and *United States v.*

5  *Cabrales*, 524 U.S. 1 (1998). He also discusses in depth a case out of the First

6  Circuit, *United States v. Salinas*, 373 F.3d 161, 169 (1st Cir. 2004), in relation to

7  his venue claim.

8  In his reply brief, Blakely again argues his venue claim, and he also raises a

9  claim of jury unanimity and a claim of insufficient evidence (Ex. 5). The jury

10  unanimity claim corresponds in part to Blakely's first ground for habeas relief, and

11  the insufficient evidence issue corresponds to his third claim for habeas relief. The

12  jury unanimity argument relies completely on Washington law and does not raise

13  or cite to any federal law (Ex. 5 at 17-21). However, Blakely's sufficiency of the

14  evidence argument does raise a federal claim (Ex. 5 at 21-22).

15  Blakely also filed a *pro se* "Statement of Additional Grounds" (Ex. 6). This

16  Statement raises 19 additional issues to the Court of Appeals, but it does not cite to

17  any case law, either State or federal.

18  While his direct appeal was still pending, Blakely filed a personal restraint

19  petition (PRP) with the Court of Appeals (Ex. 7). The PRP raises the following

20  nine grounds for relief:

21      1. Does the prosecutor commit flagrant misconduct that was
prejudical [sic] to the defendant receiving a fair trial?

22      2. Was Prosecutor Knodell maliciously vindictive in his opening
statement to prejudice the Jury?

23      3. Was the prosecutors [sic] closing argument full of false revengeful
statements that tainted and influenced the Jury to an unfair trial verdict

24  of guilty?
    4. Did the prosecutor deliberately deceive the Jury by improper

25  vouching for the credibility of witnesses?
    5. Did the prosecutors vindictively retaliate against the defendant?

26      6. Did the Grant County Prosecutor deliberately withold [sic] vital
defense evidence of the *Brady* rule?

27      7. Was counsel's failure to deposition a state witness before trial and
to make a comparison of prison dates of the defendant, the outcome of

28  dismissal?
    8. Did counsel's failure to interview and subpoena witnesses and

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 8**

immediately order transcript of fabricated testimony constitute
ineffective assistance of counsel?
9.  Did counsel fail to petition the trial court dismiss, based on
prosecutor's use of improper false statements rule CrR 8.3(b)?

(Ex. 7).  Arguably, the ninth issue roughly corresponds with Blakely's fourth

ground for habeas relief regarding offering perjured testimony.  Blakely explicitly

raises this ground and its federal nature within his PRP, however, when he states

"[t]he knowing use of perjured testimony by the prosecutor is a violation of

constitutional proportions, deliberate deception of court and jury by the

presentation of testimony known to be perjured improper (ABA prosecutor Stds 3-

5.2(a) *Giglio v. U.S.* [405 U.S.] 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)". (Ex. 7

at 6).  Blakely also cites to federal case law in his PRP when he states that the

"court held that the conviction could not stand because it was obtained by knowing

use of false evidence.  *Miller v. Pate*, 875 Ct. 788, 17 L.Ed. 694 (1967)." (Ex. 7 at

10).  The proper citation for *Miller* is 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690

(1967), and its main holding is that "the Fourteenth Amendment cannot tolerate a

state criminal conviction obtained by the knowing use of false evidence."  *Id.* at 7.

After consolidating the PRP with Blakely's appeal, the Court of Appeals

affirmed the convictions and denied the petition (Ex. 2).  Blakely then filed a

motion for reconsideration, once again raising venue among other issues (Ex. 12),

and the Court of Appeals denied this motion as well (Ex. 13).

Blakely filed a Petition for Discretionary Review with the Washington

Supreme Court on November 22, 2006 (Ex. 14).  In that Petition, Blakely presents

the following claims:

I.  The ruling that Mr. Blakely's claim of an improper charging
document was meritless conflicts with *State v. Leach*, *State v. Carey*,
and *State v. Kjorsvik*, and other decisions of this Court, the United
States Supreme Court, and federal and state appellate courts; the 5th,
6th, & 14th Amendments of the United States Constitution and Article
I, §§ 3, 9, & 22 of the Washington State Constitution.

II.  The lower court's opinion as to venue implicitly requiring
solicitation to be a continuing crime identical to conspiracy is in
conflict with Washington State Statutes; *State v. Elgin*, *State v.
Jackson*, *State v. Leach*, and other decisions of this Court, the United

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 9**

States Supreme Court, and federal and state appellate courts, the 6th Amendment to the United States Constitution and Article I, § 22 of the Washington State Constitution.

III.  The lower court's decision as to sufficiency of evidence is in conflict with *Jackson v. Virginia*, *In the Matter of Winship*, and other decisions of the United States Supreme Court, this Court, and federal and state appellate courts; the 5th & 14th Amendments to the United States Constitution and Article I, §§ 3 & 22 of the Washington State Constitution.

(Ex. 14 at 3).  Blakely raised both State and federal grounds for his claims to the Washington Supreme Court.  The State in its response brief noted that the sufficiency of the evidence claim was not properly raised to the Court of Appeals, but that the Court of Appeals used the standard for sufficiency of evidence in its discussion on venue (Ex. 15 at 17).  Mr. Blakely filed a reply brief (Ex. 16), but the Washington Supreme Court denied review on September 5, 2007 (Ex. 17).  The Court of Appeals issued its mandate on April 17, 2008, certifying that its earlier opinion became the decision terminating review on April 1, 2008 (Ex. 18).

Blakely timely filed his petition for Habeas Review under 28 U.S.C. § 2254 on October 9, 2007.

## II.   Exhaustion of Blakely's Washington State Appellate Procedures

An application for a Writ of Habeas Corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (the claim presented to the Federal Court must be the same claim that was presented to the State court in order that the exhaustion requirement be fulfilled.); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993) (petitioner must present each claim to the State's highest court, and the State's highest court must dispose of each claim on its merits).  In order to exhaust a federal habeas corpus claim, a state prisoner must apprise the state court of the federal nature of his claim by either making reference to provisions of the federal Constitution or by citing either federal or state case law that engages in a federal constitutional analysis. *Fields v. Waddington*, 401 F.3d 1018, 1020-21 (9th Cir. 2005); *see also Johnson v. Zenon*,

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 10**

88 F.3d 828, 830 (9th Cir. 1996).

A habeas petition from a state prisoner proceeding *pro se* may be viewed more leniently for exhaustion purposes than a petition drafted by counsel. *Fields*, 401 F.3d at 1021. However, this does not trump the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.").

As noted, Blakely submits four grounds for habeas relief under § 2254. The State argues that Blakely did not present his fourth ground to the Washington Supreme Court in any form, for his petition for discretionary review only included three issues. The State is correct, as Blakely only listed three issues in his Petition for Discretionary Review to the Washington Supreme Court. However, in the body of Blakely's Petition to the Supreme Court within his discussion on sufficiency of evidence, he does discuss and cite to the U.S. Supreme Court's holding that the U.S. Constitution "cannot tolerate a state criminal conviction obtained by the knowing use of false evidence." (Ex. 14 at 13 (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). As discussed above, this ground and its federal basis was also raised and argued before the Court of Appeals. Therefore, considering the leniency required when viewing petitions submitted *pro se*, the claim that the prosecutor improperly offered perjured testimony may be considered exhausted even though it is not listed in the Petition as a separate claim.

The State argues that Blakely's first three grounds have not been exhausted, either. The second and third grounds correspond exactly to grounds raised in his petition for review, however, and the first ground also appears to be covered in the petition's claim regarding the impropriety of the charging document.

A.    *First Ground: Charging Document Errors and Jury Unanimity*

There is no question that Blakely presented the first portion of this claim to the Washington Supreme Court when he challenged the sufficiency of the charging

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 11

documents, and in his petition and in his briefs to the Court of Appeals he cited to both State and federal law.  However, the only brief in which he mentions the issue of jury unanimity is his reply brief to the Court of Appeals.  It does not appear that the jury unanimity issue was properly brought to the attention of the Washington Supreme Court; therefore, it was not exhausted and is dismissed.  However, the issue of improper charging documents was properly exhausted.

### B.    Second Ground: Venue

Blakely also unquestionably presented his objections as to the Court of Appeals' holding on venue to the Washington Supreme Court.  As mentioned above, Blakely did discuss some federal case law and federal constitutional rights in his briefing of this issue before the Court of Appeals, but there is not much in the way of federal law in his petition before the Washington Supreme Court.  He does mention the U.S. Constitution in his title of the issue, however, and considering his *pro se* status and the identification of federal interests in his Court of Appeals briefing, the Court finds this ground has been adequately exhausted.

### C.    Third Ground: Insufficiency of Evidence

Blakely presented his insufficiency of evidence claim to the Washington Supreme Court as well, but Respondent raises a question as to whether this claim was properly exhausted before the Court of Appeals in the first instance.  Respondent does admit that the Court of Appeals used the sufficiency of evidence standard in its opinion, however, and Respondent addressed Petitioner's sufficiency arguments in its reply to the Supreme Court (Ex. 15, at 17-19).  The Ninth Circuit, in accord with the Supreme Court, has stated that "exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court.  *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (citing *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953))." *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  Therefore, this ground has also been presented to the Washington

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 12**

Supreme Court and exhausted.

This leaves four grounds for relief to be considered on their merits: (1) the adequacy of the charging documents; (2) the denial of Blakely's motion to change venue; (3) insufficiency of evidence; and (4) knowing use of perjured testimony.

**III.    Standard of Review**

A district court may entertain an application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

Because Blakely filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case.  *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).  Under AEDPA, a petitioner seeking a writ of habeas corpus must demonstrate that the State court's adjudication of the merits of the case resulted in a decision that "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-72 (2003) (explaining the standard).  Only "clearly established Federal law, as determined by the Supreme Court of the United States" is a sufficient basis for relief under AEDPA.  28 U.S.C. § 2254(d); *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005).  If a petitioner establishes a Constitutional trial error, the court must determine if the error caused "actual and substantial" prejudice.  *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts a governing law set forth" in Supreme Court cases, or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 13

arrives at a result different from" that precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application of clearly established Federal law [if] the state court identifies the correct governing legal principal" from a Supreme Court decision, "but unreasonably applies that principal to the facts of the prisoner's case." *Id*. at 413. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Determinations of factual issues by the state court are presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by "clear and convincing" evidence. 28 U.S.C. § 2254(e)(1); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003).

**IV.    Request for Evidentiary Hearing**

In a habeas corpus proceeding, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). The hearing is not required when the petitioner raises questions that can be resolved on the basis of the state court record. *Id*. at 1176. The petitioner must show that the evidentiary hearing would materially advance his claims. *Id*. at 1177. The Supreme Court has also noted that "failure" to develop the factual basis in this context "connotes some omission, fault, or negligence on the part of the person who has failed to do something. If Congress had instead intended a 'no-fault' standard, it would have had to do no more than use, in lieu of the phrase 'has failed to,' the phrase 'did not.'" *Williams v. Taylor*, 529 U.S. 420, 421 (2000).

Blakely requests an evidentiary hearing on each of his habeas grounds, or, in the alternative, outright dismissal of his conviction and immediate release.

**V.    Merits of Blakely's Grounds for Relief**

Blakely presents four exhausted grounds[2] for habeas relief:

---

[2]   In Blakely's reply brief, he focuses most of his argument on ineffective assistance of counsel. However, he does not include this claim in his original

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS * 14**

1.    Was Blakely denied procedural due process of law when the information failed to charge the proper time period and jurisdiction, thus not providing Blakely with adequate notice of the charges against him?

2.    Did the trial court's denial of Blakely's motion to change venue result in a "fatal variance" and a trial in an improper venue?

3.    Was there sufficient evidence to result in a conviction?

4.    Did the prosecution knowingly use perjured testimony to convict Blakely?

*A.    Charging Documents*

"The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense." *Sheppard v. Rees*, 909 F.2d 1234, 1236 (9th Cir. 1990) (citing *Cole v. Arkansas*, 333 U.S. 196 (1948)). "[T]he right to notice of a charge is basic and the most clearly established due process right of an accused in a criminal proceeding. . . ." *Gray v. Raines*, 662 F.2d 569, 572 (9th Cir. 1981) (discussing *Cole*, 333 U.S. at 201; *In re Oliver*, 333 U.S. 257, 273 (1948)).  An indictment is legally sufficient if, as a whole, it "adequately apprise[s] the defendant of the charges against him." *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992).  "Because a defendant can be put on notice of a charge despite certain mistakes, 'minor or technical deficienc[ies] in the indictment' will not reverse a conviction if there is no prejudice. . . .  Only where the defendant is misled to his prejudice about the charges against him will we find an indictment inadequate." *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc), *cert. denied* 540 U.S. 827 (2003) (internal quotation marks and citations omitted).

---

Petition.  Therefore, it is not properly before the Court.  The Court notes, however, that the Washington Court of Appeals considered and discussed his ineffective assistance claim and found it lacking in merit.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 15

1    "To be sufficient, an indictment must state the elements of the offense

2    charged with sufficient clarity to apprise a defendant of the charge against him,

3    primarily so that he can defend himself against the charge and plead double

4    jeopardy in appropriate cases." *United States v. Normandeau*, 800 F.2d 953, 958

5    (9th Cir. 1986).  Petitioner argues that all of the essential elements of solicitation

6    were not charged in the second amended information.  He maintains the

7    information alleged the acts occurred in Grant County instead of Spokane County,

8    where the initial communication between Blakely and Juarez took place.  He also

9    submits that the letters that formed the basis of the charges were not necessary

10   elements of the crime, and the State treated the crime of solicitation as a continuing

11   offense to make them sufficient bases for the charges.  Last, he argues that the time

12   period alleged in the second amended information does not correspond to the time

13   period during which the alleged solicitation occurred.  Basically, Petitioner

14   contends the second amended information did not provide a definite date, time, and

15   place, and thus he was not given adequate notice of the charges against him.

16   The Court of Appeals summarily addressed this claim by stating that "[a]ll

17   of the informations filed against Mr. Blakely contained a clear statement of the

18   alleged acts constituting the offense, and provided adequate descriptions to apprise

19   him of the time frame and location of these acts."  (Ex. 2, at 17).

20   The State argues that a habeas claim regarding the sufficiency of a charging

21   document in state court is generally not a matter for federal habeas corpus relief,

22   citing *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993).  There is no recent

23   Ninth Circuit case law that states the same proposition, but a case from 1957 holds

24   that "[t]he sufficiency of an indictment upon which petitioner was convicted and

25   sentenced may not be challenged by a petition for habeas corpus.  Only when it

26   plainly appears on the face of the record that no crime was charged in an

27   indictment can a court by habeas corpus, inquire into validity of the indictment."

28   *In re Caldwell*, 256 F.2d 576, 577 (9th Cir. 1957).  The State is correct that it is the

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 16

1  exclusive province of the states to define the elements of state crimes so long as

2  they are within the bounds of due process. *McMillan v. Pennsylvania*, 477 U.S. 79,

3  85-86 (1986). Moreover, "it is not the province of a federal habeas court to

4  reexamine state-court determinations on state-law questions." *Estelle v. McGuire*,

5  502 U.S. 62, 67-68 (1991).

6      It appears from a review of the record, including the information, *supra*, and

7  the facts and circumstances surrounding the offenses charged, that the State court's

8  decision was not contrary to, nor did it involve an unreasonable application of,

9  clearly established Federal law, as determined by the Supreme Court of the United

10  States, 28 U.S.C. § 2254(d); and that it was in fact a decision based on State law.

11  Therefore, the Court denies Blakely's first claim for habeas relief.

12      *B.    Venue*

13      Blakely next claims that the trial and appeal courts wrongly denied his

14  motion for a change of venue. The Court of Appeals affirmed the trial court's

15  ruling, finding that one of the essential elements of solicitation, the communication

16  of the offer to engage in specific conduct constituting first degree murder, arose in

17  the letters directed to Grant County. (Ex. 2, at 10-11). The appeals court found

18  that venue would have been appropriate in either Spokane or Grant County because

19  elements of the offense were committed in both of them. (Id.).

20      Blakely argues that this decision makes solicitation a continuing offense,

21  which is in error. He submits that as soon as Juarez heard the alleged solicitation,

22  the crime was complete, and that happened initially in Spokane County alone. The

23  Court of Appeals, in contrast, found that the contract regarding the killing of

24  Blakely's wife and daughter was in negotiation for some time, and that the letters

25  included for the first time the details of the specific conduct Blakely wished Juarez

26  to commit and the method of payment.

27      The State responds that Blakely's claim raises an error of State law alone

28  and is not properly considered in a federal habeas petition. It submits that, absent

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 17

1  an allegation that pretrial publicity deprived him of the right to an impartial jury,
2  Blakely's allegation that the trial court erred by not granting a change of venue
3  does not establish a violation of clearly established federal law.

4       "The vicinage clause of the Sixth Amendment guarantees an accused 'the
5  right to a . . . jury of the . . . district wherein the crime shall have been committed,
6  which district shall have been previously ascertained by law.'" *Stevenson v. Lewis*,
7  384 F.3d 1069, 1071 (9th Cir. 2004) (quoting U.S. Const. amend. VI).  However,
8  neither the Supreme Court nor the Ninth Circuit has decided whether the
9  Fourteenth Amendment incorporated the Sixth Amendment's vicinage right such
10  that it applies to the States. *Id.*  Here, the Washington Court of Appeals concluded
11  as a matter of state law that there was a sufficient nexus between the crimes
12  involving Blakely and Grant County to allow a trial by a Grant County jury.  This
13  conclusion is not contrary to, or an unreasonable application of, clearly-established
14  federal law as determined by the Supreme Court, particularly because "no such law
15  exists." *Id.* at 1072.  Therefore, the Court denies this claim as well.

16       *C.    Insufficient evidence*

17       Blakely submits that some of the alleged conversations between himself and
18  Juarez regarding the solicitation could not have occurred, and he argues that
19  without this there was insufficient evidence to convict him.  He claims that the
20  *Winship* standard, "that the Due Process Clause protects the accused against
21  conviction except upon proof beyond a reasonable doubt of every fact necessary to
22  constitute the crime with which he is charged," has not been met. *In re Winship*,
23  397 U.S. 358, 364 (1970).  He submits new evidence consisting of jailhouse
24  records allegedly showing he and Juarez were not housed in the same area at
25  Airway Heights in 2002 or 2003, and he argues that the alleged conversations
26  between him and Juarez could not have occurred due to his hearing disability.
27  Additionally, Blakely alleges Juarez and the prosecution fabricated evidence and
28  that Juarez was not vigorously impeached.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 18

"A defendant alleging that the evidence was insufficient to support his conviction can obtain relief only if, 'upon the record evidence adduced at the trial[,] *no rational trier of fact* could have found proof of guilt beyond a reasonable doubt.'" *Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)) (emphasis in original).  Additionally, the Court must defer to the trier of fact and consider all of the evidence "in the light most favorable to the prosecution" when evaluating a sufficiency of the evidence claim. *Wright v. West*, 505 U.S. 277, 296 (1992) (citation omitted).  "[T]he prosecution need not affirmatively 'rule out every hypothesis except that of guilt,' . . . and . . . a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* at 296-97 (internal citations omitted).  Blakely's allegations and arguments that the evidence was insufficient to convict him are based on evidence that was not introduced at trial.  Therefore, his claim that there was insufficient evidence to convict him at trial fails, considering the standard above.

It appears Blakely wants the Court to consider new evidence in relation to his claim under § 2254.  Federal courts may hold evidentiary hearings and consider new evidence on habeas claims

only under certain prescribed conditions:

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, *the court shall not hold an evidentiary hearing* on the claim *unless the applicant can show that*—
> (A) the claim relies on—
> (I) a new rule of constitutional law . . . ; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 19

1  *Griffin v. Johnson*, 350 F.3d 956, 965-66 (9th Cir. 2003) (quoting 28 U.S.C. §

2  2254(e)(2)) (emphasis in original).  Blakely does not rely on "a new rule of

3  constitutional law," and his actual innocence claim does not rely on facts "that

4  could not have been previously discovered through the exercise of due diligence."

5  *Id.* at 966.  Therefore, to the extent Blakely is making a claim for an evidentiary

6  hearing to establish his actual innocence based on new evidence in addition to his

7  insufficient evidence claim, the claim is denied.

8        D.    *Perjured Testimony*

9        Blakely's last claim is that the prosecutor knowingly used perjured

10  testimony to gain his conviction.  He states that the prosecutor knew that Juarez

11  committed perjury while testifying that Blakely solicited him to kill his daughter

12  and wife in 2002.  He also contends that the prosecutor knew Mr. Phillipson

13  testified untruthfully when he claimed Blakely had earlier solicited him to kill his

14  wife.

15        It is well-established that a conviction using knowingly perjured testimony

16  violates due process.  *Mooney v. Holohan*, 294 U.S. 103, 112 (1935).  To prevail

17  on a false evidence claim, Blakely must show that "(1) the testimony (or evidence)

18  was actually false, (2) the prosecution knew or should have known that the

19  testimony was actually false, and (3) . . . the false testimony was material."  *Hayes*

20  *v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc) (omission in original)

21  (internal quotation marks omitted).  Materiality is judged by whether there is "any

22  reasonable likelihood that the false testimony could have affected the judgment of

23  the jury."  *United States v. Agurs*, 427 U.S. 97, 103 (1976).

24        The State submits that Blakely does not and cannot prove that either Juarez

25  or Phillipson's testimony was false, nor can he prove that the prosecution knew the

26  testimony was false or that it affected the jury's verdict.  It is clear from the record

27  that the witnesses against Blakely, including Juarez and Phillipson, were

28

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 20

"vigorously impeached at trial," (Ex. 2, at 22), and that there is no support for the contention that the prosecutor coached his witnesses to lie. (Ex. 2, at 20).

There is simply no evidence on the record to support Blakely's fourth claim, and it appears from the opinion of the Court of Appeals that there was no prosecutorial misconduct and that Blakely received effective assistance of counsel, particularly by way of cross-examination of the witnesses against him. Therefore, the Court denies this claim as well.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Ct. Rec. 10) is **DISMISSED with prejudice.**

2. Petitioner's Motion for Summary Judgment (Ct. Rec. 14) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment in favor of Respondent, forward copies to counsel and Petitioner, and to **close the file**.

**DATED** this 11th day of September, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Blakely\dismiss.habeas.ord.wpd

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** * 21